FILED
MAR 11 2024
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA

v

CASE NO.: 4:22-CR-18-2

LEVELL BATTS SR.

MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE PURSUANT TO
28 USC 2255

COMES NOW, the defendant, Levell Batts Sr. (hereinafter "Batts" or "Defendant") pro se and in absentia with this Motion to Vacate, Set Aside or Correct a sentence pursuant to 28 U.SC. 2255. "The court affords a liberal construction to a pro se' litigants pleadings, holding them to a more lenient standard than those drafted by attorneys" (Erickson v. Pardus 551 U.S. 89,94 127 S. Ct 2198, 167 L. Ed. 2d 1081 (2007)).

CORRECT A SENTENCE

Mr. Batts comes before this court to correct a sentence and to have time, which this COURT has recognized, applied to his sentence. When a 2255 comes before the court from an incarcerated defendant it is more often than not "ineffective assistance of counsel", a last ditch effort or "hail mary" if you will at a collateral attack, typically the only one recognized in a plea bound to rule 11.

In the case of Mr. Batts he actually turns to the original ethos of the 2255 in that it is designed to "correct" a sentence.

EXHAUSTION

The PLRA requires that an inmate defendant first exhaust the administrative remedies when bringing forth a 2255 motion for ineffective assistance of counsel. In this case, Batts is looking to correct a sentence beyond the scope of the Bureau of Prisons Designation and Sentence Computation Center and must turn to the district judge. In the interest of expeditiously handling Mr. Batts credit we turn now to the district court.

TIME INCORRECTLY APPLIED

Batts, in a similarly situation to co-defendant Robinson, did not have his time on pre-trial home confinement calculated in his "time served" prior to sentencing. In the case of Robinson this court has now corrected and applied that time. Mr. Batts spent 10 months from March 2022 until January 2023 on pre-trial home confinement and is here today to get that time included in his time served.

For many years there has been a debate about the credit due to a defendant for pre-trial home confinement, whereas the defendant was not free to move within the community, for which Batts was subjected to. The biggest argument in favor of the defendant has traditionally been that when the Bureau of Prisons (BOP) sends an inmate home for "home confinement" their "Clock" is still running, so why is that not the case when the inmate is awaiting trial. In the Eastern District of Virginia, that is the case.

The Honorable Arenda L. Wright Allen of this very District Court, ruled in the United States of America v. Hambrock that "Nothing in the plain language of the statute requires the defendant to be in custody presently or to have served any portion of this sentence". (United States of America v Nathaniel Hambrock U.S. Dist Lexis 39885, 4:20Cr-26, Eastern District of Virginia February 19, 2021). The plain English interpretation of this ruling is clear, in accordance with above, Batts did not have to be "In custody" and as such should be credited for the 10 months as cited herein.

CONCLUSION

Based on the ruling of this very court in both Hambrock and Robinson, the defendant respectfully asks that this ten months be credited to his sentence.

Respectfully submitted this 6 day of March 2024..

Levell Batts

Levell Batts Sr.